United States Bankruptcy Court
District of Massachusetts

In re:                                  :
                                        :    CHAPTER 13
JEFFREY M. BROWN                        :
           DEBTOR                       :    CASE NO. 05-41071

**MEMORANDUM OF DECISION ON DEBTOR'S MOTION FOR ORDER DIRECTING TRUSTEE TO RESERVE FUNDS**

This matter came before the Court for hearing on the Debtor's Motion for Order Directing Trustee to Reserve Funds [#84] in which the Debtor seeks to have the Chapter 13 estate pay capital gains taxes triggered by the postpetition sale of the Debtor's interest in rental property. The Chapter 13 Trustee and a creditor, Peter Pan Bus Lines, Inc., appeared at the hearing and objected to some or all of the Motion. Following the hearing, the parties filed memoranda of law. The facts are not in dispute and as no party requested an evidentiary hearing, the matter will be decided on the pleadings currently before the Court.

**STATEMENT OF FACTS**

On March 4, 2005 the Debtor filed a voluntary chapter 13 petition. Among his assets was a 50% interest in rental property (the "Property") owned as a tenant in common with his former wife. In January 2006 the Court confirmed the Debtor's First Amended Chapter 13 Plan which provided that the Debtor would pay $477 for 36 months resulting in a minimum dividend of 11.66% and also provided for a 100%

dividend through the liquidation of the Debtor's interest in the Property.[1]  In May 2006 the Debtor sought and obtained approval for a settlement dividing some marital assets whereby his former wife would buyout the Debtor's interest in the Property pursuant to a formula that would yield approximately $67,100 for the estate.   The Motion for Order Approving Settlement [#57] did not address the capital gains taxes.

In June 2006 the sale of the Debtor's interest in the Property occurred and $70,894.78 was tendered to the Chapter 13 Trustee who continues to hold this amount. The Debtor states that following the sale, his accountant informed him that the entire amount held by the Trustee is taxable as a capital gain.  The Debtor estimates that the capital gains taxes which will be due to the Commonwealth and the federal government total $17,936.  The Chapter 13 trustee is not holding sufficient funds to pay the capital gains taxes and all creditors in full.

**POSITION OF THE PARTIES**

The Debtor argues that it would be unfair for the capital gains tax burden to fall upon him, therefore, pursuant to 11 U.S.C. § 105(a), he is requesting that the Chapter 13 Trustee be required to reserve the estimated taxes and, after receipt of the Debtor's 2006 tax return either pay these taxes directly or release the funds to the Debtor to pay these taxes.  The Debtor also argues that the tax liability is an administrative claim, pursuant to 11 U.S.C. § 503(b), for which the estate is liable.  Moreover the Debtor alleges that 11 U.S.C. § 346(d), when read in conjunction with 11 U.S.C. § 1305, establishes the Debtor's responsibility to *file* the tax returns but places liability for the

---

[1]At the time of confirmation, the creditor had not filed a proof of claim.  The Court subsequently allowed the late filing of the creditor's claim.

payment of postpetition taxes "incurred by the estate" squarely on the shoulders of the Chapter 13 estate.[2] The Debtor asserts that since the Debtor's interest in the Property was property of the estate when it was sold, the estate incurred the tax. The Debtor has not sought to amend the confirmed plan but apparently intends that the creditors will now receive less than 100% because approximately $17,000 will be needed to pay the capital gains taxes.

The Chapter 13 Trustee agrees that the taxes are an administrative claim and argues that said taxes should be included in the Chapter 13 plan. She also requests that the Debtor be ordered to file an amended plan treating the capital gains tax as an administrative claim but, unlike the Debtor, believes that the amended plan must provide for a 100% distribution to all creditors.

The creditor disagrees that the taxes constitute an administrative claim payable by the estate. First it argues that § 105(a) cannot be used as a substitute for filing an amended plan. Second the creditor alleges that the Chapter 13 Trustee has no obligation to prepare and file tax returns and thus should have no liability for the same. Further the creditor notes that § 1305 expressly provides a taxing authority holding a claim that became due during the pendency of the Chapter 13 case is not required to file a proof of claim; it may opt for seeking recovery from the Debtor after the case is closed. Finally it argues that it is unfair and misleading for the Debtor to shift the tax burden to the creditors who expected their claims to be paid in full.

---

[2] The confirmation order comports with MLBR Official Local Form 4 which provides that, unless otherwise ordered by the Court (and there is no such order in this case), property of the estate will not revest in the Debtor until discharge.

3

**DISCUSSION**

The capital gains taxes at issue include both state and federal taxes. Who is liable for payment of the state taxes is a resolved by the express language of § 346(d) as it existed when this case was filed prior to October 17, 2005.[3] That section read as follows:

> In a case under chapter 13 of this title, any income of the estate or the debtor may be taxed under State or local law imposing a tax on or measured by income only to the debtor, and may not be taxed to the estate.

Thus whatever taxes owed to the Commonwealth as a result of the income[4] generated from the sale of the Property are the sole responsibility of the Debtor and cannot be shifted to the estate.

Moreover, even if the BAPCPA applied to this case, the new language of § 346(b) leads to the same conclusion. That section provides in relevant part:

> Whenever the Internal Revenue Code of 1986 provides that no separate taxable estate shall be created in a case concerning a debtor under this title, and the income, gain, loss, deductions, and credits of an estate shall be taxed to or claimed by the debtor, such income, gain, loss, deductions, and credits shall be taxed to or claimed by the debtor under a State or local law imposing a tax on or measured by income and may not be taxed to or claimed by the estate.

The Internal Revenue Code of 1986 expressly provides that the filing of a

---

[3] The substantial changes to § 346 effected by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") do not apply to cases filed prior to October 17, 2005. BAPCPA § 1501(a)(1) (uncodified in title 11).

[4] Income is not defined under the Bankruptcy Code but there is no indication that it should not be construed broadly as it is under the Internal Revenue Code ("gross income means all income from whatever source derived., including but not limited to ...gains derived from dealings in property...." 26 U.S.C. § 61(a)(3)).

Chapter 13 petition does not create a separate taxable estate.  *See* 26 U.S.C. §§ 1398[5] and 1399.  Therefore even if the current section 346 were to apply to this case, the estate is not liable for the state capital gains tax resulting for by the sale of the Property.

Section 346 does not address which entity is liable for federal income taxes [6] and therefore the Court must look elsewhere for guidance in its analysis.  The Debtor urges the Court to begin and indeed end its analysis with 503(b).  With certain exceptions not relevant to this case, § 503(b)(1)(B) creates an administrative claim for "any tax *incurred by the estate*...." [Emphasis added].  Section 503(b)(1)(B), however, does not answer the question of what is means for a tax to be "incurred by the estate."  Does it mean, as the Debtor advocates, that whenever property sold is property of the estate at the time of the sale, the estate must necessarily have incurred the tax even if the property is sold at the Debtor's behest to fund his Chapter 13 plan?  The Court concludes that such an

---

[5]Section 1399 provides "[e]xcept in any case to which section 1398 applies, no separate taxable entity shall result from the commencement of a case under title 11 of the United States Code."  Section 1398 applies only to cases under Chapter 7 or Chapter 11 of the Bankruptcy Code.

[6]The Court is aware of In *Gyulafi,* 65 B.R. 913 (Bankr. D. Kan. 1986), in which the court dealt with 5 Chapter 13 cases, 3 of which involved taxes which were incurred post-confirmation and 2 of which involved pre-confirmation taxes.  In all cases the IRS argued that income tax is a necessary cost of the production of regular income which is essential in Chapter 13, income taxes are "an actual, necessary cost of preserving the estate" entitled to   The court rejected the IRS' position with respect to the post-confirmation cases because the confirmation orders revested all property in the debtors.  The court then concluded that whether the tax was incurred pre or post-confirmation was not relevant because, among other things, § 346(d) precluded taxing the Chapter 13 estate.  Given the express language limiting § 346(d) to taxes on income under "State or local law," the Court respectfully disagrees that § 346(d) serves as a basis for shielding a Chapter 13 estate from *federal* taxes.

5

outcome is not what the Bankruptcy Code provides or Congress intended for several reasons.  First, the Court agrees with the analysis in *Gyulafia* that §1305, rather than §503(b), controls postpetition tax claims in Chapter 13.  Section 1305(a) provides that a creditor holding a claim "for taxes that become payable to a governmental unit while the case is pending" *may* file a proof of claim.  The choice belongs to the creditor, however, as the effect of filing the proof of claim is to treat the postpetition claim as arising prepetition.  If the creditor does not file a postpetition claim, a debtor may not file one for him.  *In re Flores*, 270 B.R. 203, 208 (Bankr. S.D. Tex. 2001).  Instead the creditor may chose to await discharge and then pursue its claim against the debtor directly.  *Id.* ("postpetition tax claims may not be paid through the plan unless the tax creditor files a postpetition claim pursuant to section 1305 of the Code").  The postpetition tax creditor does not have a choice between filing a proof of claim under §1305 or receiving an administrative claim under § 503(b)(10(B).  The result is no different if it is a debtor attempting to force the taxing authority into accepting treatment under the plan, even if the treatment is payment in full.  *Gyulafia*, 65 B.R. at 915-16.

Second, as previously noted, the Internal Revenue Code does not treat the Chapter 13 estate as a taxable entity.  It is the Debtor, not his estate, who is burdened by and benefits from gains and losses.  20 U.S.C § 1399.  To hold the Chapter 13 estate liable for the capital gains tax when it does not exist as a taxable entity defies common sense as well as Congress' intent.  Congress is presumed to be aware of pertinent, existing law when it passes legislation *Miles v. Apex Marine Corp.*, 498 U.S. 19, 30, 111 S.Ct. 317, 325, 112 L.Ed.2d 275 (1990).  Thus, when Congress enacted the Internal Revenue Code of 1986, it had knowledge of the Bankruptcy Code and chose to

treat a Chapter 13 estate for tax purposes differently than estates arising under either Chapter 7 or Chapter 11. Similarly, when Congress enacted the BAPCPA, it knew of the disparate tax treatment between Chapter 13 and Chapters 7 and 11.

Finally the Court disagrees with the Debtor's argument that fairness dictates that he not have to pay the capital gains taxes. The Debtor is directly benefitting from the sale of his interest in the Property; indeed he proposed it as a way of paying off his creditors prior to the 3 year term contemplated without the sale. In any event, § 105(a) does not create substantive rights that permit this Court to circumvent the specific provisions of the Bankruptcy Code. *In re Ludlow Hospital Society, Inc.*, 124 F.3d 22 (1st Cir. 1997).

**Conclusion**

For the reasons set forth herein, the Motion for Order Directing Trustee to Reserve Funds [#84] is DENIED. A separate order shall issue.

Dated: November 20, 2006

_____
Joel B. Rosenthal
United states Bankruptcy Judge