## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

IN RE                                               :
                                                    :         CHAPTER 13
JEFFREY M. BROWN                                    :         CASE NO. 05-41071-JBR
DEBTOR                                              :

**ORDER ON CHAPTER 13 TRUSTEE'S REPORT AND ACCOUNT [#103] AND ON MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE FOR PROFESSIONAL SERVICES RENDERED PURSUANT TO 11 U.S.C. § 503(b)(1)(A) [#98]**

This matter came before the Court for hearing on the Chapter 13 Trustee's Report and Account [#103] to which the law firm of Kamberg, Berman, P.C. ("KB"), counsel to Peter Pan Bus Lines, Inc. ("Peter Pan") objected [#106] and on the Motion for Allowance of Administrative Expense for Professional Services Rendered Pursuant To11 U.S.C. § 503(b)(1)(A) [#98] filed by KB to which the Debtor objected [#100].

**FACTS**

The facts are undisputed. The Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code. The Court confirmed the Debtor's First Amended Chapter 13 Plan which provided that the Debtor would pay $477 for 36 months resulting in a minimum dividend of 11.66% and also provided for a 100% dividend through the liquidation of the Debtor's interest in the certain property the Debtor owned with his former wife. Subsequently the Court approved a settlement between the Debtor and his ex-wife whereby the property was sold and $70,894.78 was tendered to the Chapter 13 Trustee. Following the sale the Debtor filed his Motion for Order Directing Trustee to Reserve Funds (the "Capital Gains Motion") [#84] in which the Debtor sought to have

the Chapter 13 estate pay capital gains taxes triggered by the postpetition sale of the Debtor's interest in the property. Payment of the capital gains taxes would have resulted in less than a 100% dividend to creditors from the sale proceeds and the Debtor did not seek to amend the confirmed plan. The Chapter 13 Trustee objected to the Capital Gains Motion to the extent it did not contemplate filing an amended plan which would pay creditors 100%, albeit over some period of time. Peter Pan objected to the Capital Gains Motion because it argued that the taxes were not administrative expenses. The Court agreed with Peter Pan and denied the Debtor's motion for the reasons set forth in its Memorandum of Decision. *In re Brown*, 2006 WL 3370867 (Bankr. D. Mass.).

In its opposition to the Capital Gains Motion, Peter Pan expressly stated that it intended to seek reimbursement for its costs and attorney's fees should it prevail on its opposition. Peter Pan, however, did not file a request for allowance of such claim and the Chapter 13 Trustee disbursed the funds she was holding. All creditors' claims were paid in full; $2,311.71 was refunded to the Debtor. When Peter Pan or KB received notice of the Chapter 13 Report and Account, KB filed its objection to the Report and Account along with its Motion for Allowance of Administrative Expense in which it seeks $7,972.50 for professional services it argues it rendered in preserving the estate pursuant to 11 U.S.C. § 503(b)(1)A).

**DISCUSSION**

KB has not sought, nor could it successfully seek, reimbursement under 11 U.S.C. § 503(b)(4) as Peter Pan cannot satisfy any of the subsections of § 503(b)(3), which is a prerequisite to compensation under § 503(b)(4). Instead KB relies upon §

503(b)(1)(A) which permits an administrative expense to be given for "the actual and necessary costs and expenses of preserving the estate...."  According to Webster's Ninth New Collegiate Dictionary(1986), preserve means "to keep, guard..., protect..., maintain...."  That is what Peter Pan and KB did by objecting to the use of estate assets to pay the Debtor's capital gains tax.  In this unique set of circumstances, where the creditor's objection prevented encumbering of the estate with a tax burden that was not rightfully its to bear, the creditor should be compensated.

In reviewing KB's time entries, the Court finds that the amount is somewhat excessive of what would be expected as necessary under the circumstances and therefore the Court will reduce the requested amount to $5,000.

**CONCLUSION**

For the reasons set forth herein, KB is granted an allowed administrative expense in the amount of $ 5,000.  The Trustee's Report and Account will be accepted but a discharge shall not enter until the Debtor has paid the allowed administrative expense

Dated:  February 13, 2007

                  Joel B. Rosenthal
                  United States Bankruptcy Judge

.

3